UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CONTROL TECHNOLOGY, INC., a Washington corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ASSUREDPARTNERS OF WASHINGTON, LLC, a Washington company,<br><br>Defendant. | Case No.:<br><br>**NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON**<br><br>**(Clerk's Action Required)** |

TO:         THE CLERK OF THE ABOVE-ENTITLED COURT

AND TO:     PLAINTIFF CONTROL TECHNOLOGY, INC. AND ITS ATTORNEYS OF RECORD

**PLEASE TAKE NOTICE** that Defendant AssuredPartners of Washington, LLC ("AssuredPartners"), by and through its undersigned counsel, hereby removes this action from the Superior Court for the State of Washington, County of King, to the United States District Court for the Western District of Washington, pursuant to 28 U.S.C. §§ 1441 & 1446. This Court possesses original subject-matter jurisdiction of this action because complete diversity jurisdiction exists between Plaintiff Control Technology, Inc. ("Plaintiff") and AssuredPartners and because the amount in controversy exceeds the jurisdictional threshold.

**I.     SUMMARY OF COMPLAINT AND RELEVANT PROCEDURAL HISTORY**

1.    On June 25, 2025, Plaintiff filed a civil action in the Superior Court for the State of Washington, County of King, entitled *Control Technology, Inc. v. AssuredPartners of Washington,*

NOTICE OF REMOVAL - 1
Case No.:

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

*LLC*, Case No. 25-2-18660-1 SEA (King County Superior Court) (hereafter, the "State Court Litigation"). A true and correct copy of Plaintiff's operative Complaint,[1] filed in the State Court Litigation, is attached here and as **Exhibit A** to the Declaration of Per Jansen in Support of Defendant's Notice of Removal ("Jansen Decl.").

2. AssuredPartners was served with a copy of Declaration of Service of Process of the State Court Litigation (which was filed in the State Court Action) on June 25, 2025 (attached here and as **Exhibit B** to the Declaration of Per Jansen**).**

3. Since the filing of Plaintiff's operative Complaint, no significant proceedings have taken place in the State Court Litigation. In addition to the operative Complaint, Plaintiff filed a Summons with the Court, attached here and as **Exhibit C** to the Declaration of Per Jansen. The King County Superior Court filed a Case Information Cover Sheet and Area Designation Form, *see* Jansen Decl. **Exhibit D**, and an Order Setting Civil Case Schedule, *see* Jansen Decl. **Exhibit E**. Undersigned counsel also entered an appearance in the State Litigation. Jansen Decl. **Exhibit F.** True and correct copies of Plaintiff's Complaint, Summons, the Case Information Cover Sheet and Area Designation Form, Order Setting Civil Case Schedule, and Notice of Appearance are attached to the Declaration of Per Jansen as **Exhibits A--F**, which, as far as AssuredPartners is aware, comprises the entirety of the "process, pleadings, and orders" filed in this action in King County Superior Court to date. *See* 28 U.S.C. § 1446(a).

4. No previous application has been made for the relief requested herein.

## II. VENUE

5. As noted, this case was originally filed in the Superior Court for the State of Washington, King County, which makes venue proper in the U.S. District Court for the Western District of Washington. *See* 28 U.S.C. § 128(b), 1441(a).

---

[1] Defendant notes that only one complaint was filed in the State Court Litigation, though it is captioned "First Amended Complaint." Defendant refers to the Complaint as the "operative Complaint."

NOTICE OF REMOVAL - 2
Case No.:

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

### III. TIMELINESS OF REMOVAL

6. This removal is timely because AssuredPartners is filing it within thirty (30) days of service of the Summons and Complaint upon AssuredPartners on June 25, 2025. *See* 28 U.S.C. §§ 1446(b) & 1453; *see also Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the 30-day removal period begins to run upon service of the summons and complaint).

### IV. THIS COURT HAS ORIGINAL SUBJECT-MATTER JURISDICTION

7. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Accordingly, in evaluating whether removal is proper, the Court must determine whether it possesses original jurisdiction over an action. Under 28 U.S.C. § 1331, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Under 28 U.S.C. § 1332(a)(1), "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States[.]"

**A. This Court Has Diversity Jurisdiction Under 28 U.S.C. § 1332(a)(1).**

8. This Court has diversity jurisdiction of this action because the amount placed in controversy by Plaintiff's claims exceeds $75,000, exclusive of interest and costs, and because Plaintiff and AssuredPartners are citizens of different states. 28 U.S.C. 1332(a)(1).

**1. Plaintiff and AssuredPartners Are Diverse.**

9. "For purposes of diversity jurisdiction, an individual is a citizen of his or her state of domicile, which is determined at the time the lawsuit is filed." *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)). Evidence of continuing residence creates a presumption of domicile. *See, e.g.*, *Washington v. Hovensa LLC*, 652 F.3d 340, 345 (3d Cir. 2011).

10. First, Plaintiff is a citizen of the State of Washington. **Exhibit A** ¶ 1.

NOTICE OF REMOVAL - 3
Case No.:

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

11. For its part, as a limited liability company, AssuredPartners' citizenship is determined by the citizenship of its members. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

12. Pursuant to Local Civil Rule 101(f), AssuredPartners is a limited liability company. It has one member, AssuredPartners Capital Inc. AssuredPartners Capital Inc. is a Delaware corporation with its principal place of business in Florida. AssuredPartners Capital Inc. is incorporated in the State of Delaware, and AssuredPartners Capital Inc.'s "principal place of business" is located at its corporate headquarters in Florida, where its administrative and executive functions occur.

13. As a result, AssuredPartners is not now, and was not at the time of the filing of Plaintiff's Complaint, a citizen and/or resident of the State of Washington for purposes of determining diversity jurisdiction.

14. Plaintiff names no other defendants in its operative Complaint. **Exhibit A**.

15. Accordingly, Plaintiff and AssuredPartners are completely diverse for purposes of 28 U.S.C. § 1332(a).

**2.    The Amount in Controversy Exceeds $75,000.**

16. Removal is proper if it is more likely than not that the potential recovery on the claims exceeds $75,000, exclusive of interest and costs. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

17. If challenged, a removing defendant must show by a preponderance of the evidence that the amount-in-controversy requirement has been met. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014); *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 683 (9th Cir. 2006). But in its initial removal papers, a defendant need only make plausible allegations that more than $75,000 is in controversy and need not make evidentiary submissions. *Garfias v. Team Indus. Servs.*, No. LA CV17-04282 JAK (AGRx), 2017 U.S. Dist. LEXIS 167370, at *6 (C.D. Cal. Oct. 10, 2017). "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's

NOTICE OF REMOVAL - 4
Case No.:

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

complaint, not what a defendant will actually owe." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (citing *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005)). This burden "is not daunting, as courts recognize that under this standard, a removing defendant is not obligated to research, state, and prove the plaintiff's claims for damages." *Korn*, 536 F. Supp. 2d at 1204-05 (internal quotations omitted).

18. In determining whether the jurisdictional minimum is met, courts consider all recoverable damages, including emotional distress damages, punitive damages, statutory penalties, and attorneys' fees. *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347-48 (1977) (superseded on other grounds); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998); *Korn*, 536 F. Supp. 2d at 1205 ("In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint. The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe.") (citations omitted).

19. Pursuant to Local Civil Rule 101(a), though Plaintiff's operative Complaint does not set a specific dollar amount prayed for, Defendant has a good faith belief that Plaintiff seeks damages in excess of the jurisdictional amount.

20. Plaintiff's Complaint alleges Defendant failed to procure defense and indemnity coverage that would have insured Plaintiff against counterclaims asserted by a third-party contractor in a separate lawsuit. **Exhibit A ¶¶** 13, 14.

21. Upon information and belief, the underlying lawsuit for which Plaintiff was denied defense and indemnity coverage by its insurers is *Control Technology, Inc. v. Highwood Global, LP*, No. 23-2-20457-3 SEA (King County Superior Court). *See* **Exhibit G** to the Declaration of Per Jansen (Highwood Global, LP's Answer and Counterclaims filed in that underlying matter).

NOTICE OF REMOVAL - 5
Case No.:

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

22. In the underlying suit, Counterclaimant *Highwood Global, LP* ("Highwood") seeks to recover at least $562,316.41 plus attorney's fees from Plaintiff under various legal theories. **Exhibit G** ¶¶ 16, 17, 24, and Prayer for Relief.

23. Assuming a favorable verdict for Highwood in the underlying suit, the indemnification amount in controversy in this case alone is at least $562,316.41.

24. Prior to filing this lawsuit, Plaintiff, through counsel, made two pre-suit settlement demands, both of which exceed the jurisdictional threshold. *See* **Exhibit H** to the Declaration of Per Jansen (March 11, 2025, Rule 408 Settlement Communication from Plaintiff to Defendant).

25. While AssuredPartners denies any and all liability, according to Plaintiff's settlement demand, the amount in controversy at this stage exceeds $350,000. Specifically, Plaintiff first offered to settle for $250,000. After mediation of the underlying suit failed, Plaintiff withdrew its first settlement offer to Defendant and made a new offer to settle for $350,000. In addition, Plaintiff's counsel asserted Plaintiff would seek a "much higher" amount if the claim was not resolved before Plaintiff filed a complaint.

26. Further, a reasonable person reading the operative Complaint would conclude that over $75,000 is at controversy.

27. Here, Plaintiff's operative Complaint seeks recovery on several fronts in addition to indemnification and costs of defense in the underlying suit. Plaintiff's prayer for relief states:

> A. For damages in an amount to be proven at trial.
> B. For equitable relief, including … disgorgement of the sums CTI has paid Assured Partners ….
> C. For an award of pre-judgment and post-judgment interest as allowed by law.
> D. For an award of attorney fees and costs allowed by law, equity, or the parties' contracts.
> E. For enhanced damages under the Consumer Protection Act. ….

**Exhibit A** (Prayer for Relief).

28. More specifically, Plaintiff seeks to recover, among other things, (a) attorneys' fees related to advocating for coverage to the insurers; (b) a potential uninsured judgement or settlement

NOTICE OF REMOVAL - 6
Case No.:

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

with Highwood in the underlying lawsuit; (c) "significant fees" Plaintiff paid Defendant over "years"; and (d) unreimbursed defense fees and costs related to the underlying litigation. **Exhibit A** ¶ 18.

29. Plaintiff also seeks "enhanced damages" under the Washington Consumer Protection Act. **Exhibit A** (Prayer for Relief). This provision allows the trebling of damages up to an additional $25,000. Therefore, if Plaintiff prevails on even minimal damages, that award could be trebled up to an additional $25,000. These maximum trebled damages are appropriate for considering the amount in controversy. *Segar v. Allstate Fire & Cas. Ins. Co.*, No. C21-1526JLR, 2022 U.S. Dist. LEXIS 5527, at *9 (W.D. Wash. Jan. 11, 2022) (considering potential maximum trebled damages under CPA in determining amount in controversy was met).

30. Additionally, Plaintiff asserts a claim for attorney's fees under the Washington Consumer Protection Act. *See* RCW 19.86.090; **Exhibit A** (Prayer for Relief). In 2023, a Washington Superior Court found that an hourly billing rate of $500.00 for Plaintiff's counsel was reasonable in awarding attorney's fees. *See Wilner v. Okta, Inc.*, Plaintiff's Findings of Fact and Conclusions of Law, Case No. 22-2-02045-8 SEA, 2023 WL 5322288 (King County Superior Court Aug. 11, 2023). Assuming a similar rate prevailed here, if Plaintiff's counsel spends at least 150 hours on this matter from inception to verdict and Plaintiff prevails, the amount in controversy would be met by attorney's fees alone. This is a conservative estimate given the allegations put years of interaction between Plaintiff and Defendant at issue and require analysis of multiple insurance policies as well as the underlying litigation between Plaintiff and Highwood.

31. Lastly, Plaintiff seeks to disgorge alleged fees it paid for the contested insurance policies for the 2023-2024 policy period. **Exhibit A** ¶ 12.

32. In short, because Plaintiff's settlement demand and the allegations of Plaintiff's operative Complaint (taken as true for purposes of removal) show that more than $75,000 is placed in controversy by Plaintiff's claims, the monetary threshold for diversity jurisdiction is satisfied.

NOTICE OF REMOVAL - 7
Case No.:

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

**V.   NOTICE TO PLAINTIFF AND KING COUNTY SUPERIOR COURT**

33.   Contemporaneously with the filing of this Notice of Removal, AssuredPartners will provide notice to Plaintiff, and AssuredPartners will also file a copy of this Notice with the King County Superior Court, as required by 28 U.S.C. § 1446(d).

**WHEREFORE**, AssuredPartners of Washington, LLC, desiring to remove this case to the United States District Court for the Western District of Washington, prays that the filing of this Notice of Removal shall effect the removal of this action to this Court. In the event the Court questions the existence of jurisdiction, or Plaintiff moves to remand, Defendant expressly and respectfully requests the opportunity for a hearing on the issue and to submit further evidence in support of jurisdiction.

Dated: July 23, 2025.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/ *Per D. Jansen*
   Per D. Jansen, WSBA # 49966
   per.jansen@ogletree.com
   1201 Third Avenue, Suite 5150
   Seattle, WA 98101
   T: 206-693-7057/F: 206-693-7058

*Attorneys for Defendant*

NOTICE OF REMOVAL - 8
Case No.:

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

# CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2025, I served the foregoing document via the method(s) below on the following parties:

> Matthew J. Campos
> McNaul Ebel Nawrot & Helgren PLLC
> 600 University Street, Suite 2700
> Seattle, WA 98101
> Phone: (206) 467-1816
> Fax: (206) 624-5128
> Email: mcampos@mcnaul.com
>
> *Attorneys for Plaintiff*

☒ by **electronic** means through the Court's Case Management/Electronic Case File system, which will send automatic notification of filing to each person listed above.

☐ by **mailing** a true and correct copy to the last known address of each person listed above. It was contained in a sealed envelope, with postage paid, addressed as stated above, and deposited with the U.S. Postal Service in Seattle, Washington.

☐ by **e-mailing** a true and correct copy to the last known email address of each person listed above.

SIGNED THIS 23rd day of July 2025 at Seattle, Washington.

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

By: */s/ Kristen Kulgren*
Kristen Kulgren, Practice Assistant
kristen.kulgren@ogletree.com

NOTICE OF REMOVAL - 9
Case No.:

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058